**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ROBERT ROSALES, #2134709, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-259-JDK-JDL |
| | § | |
| UNKNOWN UPSHAW, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Rosales, proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 about alleged violations of his rights while he was an inmate of the Texas Department of Criminal Justice (TDCJ). The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 28, 2022, the Magistrate Judge issued a Report recommending that Plaintiff be denied leave to proceed without prepayment of the filing fee and that this case be dismissed with prejudice for failure to prosecute and to comply with the Court's orders. Docket No. 17. A copy of this Report was sent to Plaintiff, who received it on February 14, 2022. Docket No. 18. Plaintiff has filed written objections, which were dated February 24, 2022, and received by the Court on March 7, 2022. Docket No. 19.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.

1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Court first considers the timeliness of Plaintiff's objections, which were filed well over fourteen days after Plaintiff's receipt of the Report. The United States Court of Appeals for the Fifth Circuit has confirmed that "district courts need not consider late objections." *Scott v. Alford*, 62 F.3d 395 (5th Cir. 1995). Whether to consider late objections is left "to the district court's discretion." *Id.*

Had Plaintiff still been a prisoner at the time he objected, the date he signed (and presumably mailed) his objections would have made them timely by virtue of the "prisoner mailbox rule," under which a prisoner's filing is deemed filed on the date that it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988). But the "prisoner

mailbox rule" does not apply to this filing, because Plaintiff was released from prison months before the Report to which he objects was entered. *Brown v. Taylor*, 829 F.3d 365, 368–69 (5th Cir. 2016) ("The prison mailbox rule applies to prisoners who are proceeding pro se. When a litigant is not incarcerated, however, the prison mailbox rule does not apply.") (quoting *Brown v. Taylor*, 569 Fed. Appx. 212, 213 (5th Cir. 2014).

The Court observes that, since his release from prison sometime before October 5, 2021, (*see* Docket No. 12), Plaintiff has moved at least once. *See* Docket No. 19-1. Because the Court would have granted him an extension of time to object under those circumstances, and due to Plaintiff's potential misunderstanding about whether his objections would be deemed filed on the date they were mailed, the Court will exercise its discretion to consider the objections.

The Court finds no merit in Plaintiff's objections. Plaintiff filed this lawsuit without payment in July 2021, when he was still in prison. *See* Docket No. 1 at 4. With his complaint, he filed a short-form application to proceed *in forma pauperis* (Docket No. 2), but he did not attach a certified copy of his trust account, as required to proceed *in forma pauperis* under the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(a)(2). He was then released from prison before the Court could determine his eligibility to proceed without prepayment under the PLRA. Accordingly, on October 20, 2021, the Court gave Plaintiff thirty days to either pay the full filing fee of $402 or file a new long-form application to proceed *in forma pauperis* as a non-prisoner. Docket No. 13. The Court provided Plaintiff with the necessary form and expressly cautioned that failure to comply could result in dismissal of this case. *Id.* at 2. Plaintiff never complied with that order.

Moreover, on October 21, 2021, the Court found Plaintiff's original complaint to be deficient and ordered him to file an amended complaint within thirty days. Docket No. 14. Again,

the Court provided the necessary form and cautioned that failure to comply could result in dismissal. *Id.* at 3–4. Plaintiff never complied with that order. He did not take any steps to prosecute his case or communicate with the Court again until more than four months later, after his receipt of the Report and Recommendation.

Plaintiff has thus not complied with multiple orders of the Court or demonstrated any attempt to do so. His objection complains of difficulties writing and understanding (Docket No. 19 at 1), but that does not explain his failure to take any action at all for more than four months after the Court's explicit orders. Plaintiff also complains about the failure of TDCJ officials to provide him with a trust account statement while he was in prison (*id.*), but that is immaterial to his failure to pay the fee or complete and return the pauper's form the Court furnished him after his release. He asserts that he needs the assistance of counsel because his case will require expert testimony (*id.*), but counsel is not required to satisfy the first step of any federal lawsuit, which is to satisfy the filing fee requirement either by full payment or by seeking and obtaining permission to proceed without payment.

And finally, Plaintiff asserts that he "has submitted his filing fee." *Id.* The Court observes that Plaintiff submitted $50 with his objections. But Title 28, Section 1914 of the United States Code requires a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a) and (b). The Judicial Conference has prescribed a $52 administrative fee for filing any civil case, for a total filing fee of $402. The Court expressly informed Plaintiff in its previous order that the amount of the fee was $402. Docket No. 13 at 1. There is no authority for a court to permit a lawsuit to proceed upon partial payment of the fee except in cases where the plaintiff is a prisoner who has been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b) (providing for installment payments for

4

prisoners filing *in forma pauperis*). Plaintiff's submission of a fraction of the fee that was "due and payable" at the time he filed the complaint, therefore, does not remedy his failure to pay the full amount or to satisfy the fee requirement by seeking and being granted permission to proceed *in forma pauperis. See Johnson v. De La Garza*, No. 4:17CV309, 2017 WL 6629133, at *2 (E.D. Tex. Dec. 29, 2017) ("Once a complaint is filed, the filing fee is due and payable, regardless of the outcome of the case. Plaintiff cites to no authority that would allow the Court to return the filing fee."). Moreover, even if Plaintiff now paid the full fee—more than eight months after filing his complaint and five months after he was ordered to do so—that would not remedy his ongoing failure to comply with the Court's order to amend his complaint.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit.  Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 17) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 19) are **OVERRULED**. Further, it is

**ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and this case is **DISMISSED** without prejudice for failure to prosecute. Any pending motions are **DENIED** as **MOOT**. Because Plaintiff's complaint includes events dating to at least 2020 (*see* Docket No. 1 at 15, 21) the statute of limitations in this case is hereby **SUSPENDED** for a period of ninety days from the entry of judgment in this case. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th

Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

So **ORDERED** and **SIGNED** this **24th** day of **March, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE